STATE v. ELMER E. ST. JOHN.

October Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed January 26, 1905.

*Hunting Deer—No. 94, Acts 1896—Deer "Having Horns"—
Construction.*

In a prosecution for killing a deer not "having horns," in violation of
No. 94, Acts 1896, when it is undisputed that the deer had horns
only to the extent of bunches which did not protrude through the
skin, whether these bunches were "horns," within the meaning
of the statute, is a question of law for the court.

A deer which has no horns protruding through the skin, so that they
can be seen to be horns, is not a deer, "having horns," within the
meaning of No. 94, Acts 1896.

INFORMATION for unlawfully killing a wild deer. Plea,
not guilty. Trial by jury at the March Term, 1904, Rutland
County, *Tyler, J.,* presiding. Verdict, guilty; judgment and
sentence thereon. The respondent excepted.

Subject to the objection and exception of the respondent,
the court ruled and instructed the jury that, "The horns must
be visible, not merely so that they can be discovered by a
bunch after the animal is killed, but they must be visible so
that they are notice to the hunter that he may kill the animal
in the open season."

The respondent claimed the right to go to the jury upon
the question whether the bunches described by the evidence
were, in fact, "horns," and excepted to the refusal of the court
to allow him to do so.

*Butler & Moloney* for the defendant.

As the statute was construed by the court, the respondent's liability depends upon his ability to see the horns. A penal statute must be construed strictly. Clark Crim. L. 28; *U. S.* v. *Hartwell,* 6 Wall. 395; 23 A. & E. Enc. 374.

The action of the court was, in effect, the direction of a verdict of guilty, which is never allowed in a criminal case. 12 Cyc. 595.

*William H. Preston,* State's Attorney, for the State.

START, J.   The respondent was convicted in the court below of the offence of killing a wild deer, not having horns. Upon the whole evidence, including that of the respondent, the court ruled and instructed the jury that the deer in question did not have horns, within the meaning of the statute which permits the killing of deer having horns, during the open season.   In this there was no error.   The respondent testified that the bunches, which he called horns, did not protrude through the skin of the deer; and the other testimony had but one tendency, and that was that no horns or other substance protruded through the skin.   Such being the undisputed evidence, it became the duty of the court to rule upon the question whether the deer had horns, within the meaning of the statute; and its ruling, that the substances under the skin of the deer, which some of the witnesses called horns, was correct.   It was not intended by the enactment to permit the killing of deer during the open season, except deer that have horns that protrude through the skin so that they can be seen; and it can be ascertained and known that the deer have horns without cutting through the skin of the deer and examining the substance thereunder to ascertain the fact.   We, therefore, hold that a deer which has no horns protruding through the skin so that they can be seen and ascertained to be horns

is not a deer "having horns," within the meaning of the statute; and that it is unlawful to kill such a deer.

*Judgment that there is no error in the proceedings, and that the respondent take nothing by his exceptions. Let execution be done.*